NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

NOV 15 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| NATIONAL ABORTION FEDERATION, <br><br> Plaintiff-Appellee, <br><br> v. <br><br> CENTER FOR MEDICAL PROGRESS; et al., <br><br> Defendants-Appellants. | No.  18-17195 <br><br> D.C. No. 3:15-cv-03522-WHO <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Northern District of California
William Horsley Orrick, District Judge, Presiding

Submitted July 17, 2019**
San Francisco, California

Before:  MURPHY,*** PAEZ, and RAWLINSON, Circuit Judges.

The Center for Medical Progress ("CMP"), BioMax Procurement Services,

LLC ("BioMax"), and David Daleiden appeal the district court's order denying

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Michael R. Murphy, United States Circuit Judge for the U.S. Court of Appeals for the Tenth Circuit, sitting by designation.

both their motion to dissolve, modify, or clarify its preliminary injunction and their special motion to strike under California's anti-SLAPP statute. This case arises out of CMP's and Daleiden's scheme to gain entry to the 2014 and 2015 annual meetings of the National Abortion Federation ("NAF")—by creating a front organization, BioMax, that posed as a tissue procurement company—and to record confidential conversations and discussions without NAF's consent. CMP later released and publicized "heavily edited" versions of the recorded material to insinuate that reproductive health providers were engaging in unlawful behavior. Upon the release of these recordings, NAF saw threats and incidences of violence against reproductive health providers skyrocket and had to divert resources to bolster its own security measures. NAF filed a civil suit in district court to enjoin the publication of any further recordings. The district court granted a preliminary injunction to this effect, which was affirmed by this court. *See Nat'l Abortion Fed'n v. Ctr. for Med. Progress*, 685 F. App'x 623, 627 (9th Cir. 2017).

Since the district court entered its preliminary injunction, California has initiated criminal proceedings against Daleiden in state court; Congress has completed its investigations into fetal tissue donation, uncovering no wrongdoing; and NAF has released statistics of violence and disruption following publication of CMP's recordings. CMP, Biomax, and Daleiden filed a motion arguing that these three developments warranted the dissolution, modification, or clarification of the

2

district court's preliminary injunction. They additionally moved to strike several of NAF's claims pursuant to California's anti-SLAPP statute. The district court denied both motions.

We have jurisdiction pursuant to 28 U.S.C. § 1292(a),[1] and we affirm.[2]

**1.** We review for abuse of discretion the district court's denial of a motion to dissolve, modify, or clarify the preliminary injunction. *See Karnoski v. Trump*, 926 F.3d 1180, 1198 (9th Cir. 2019). "A party seeking modification or dissolution of an injunction bears the burden of establishing that a significant change in facts or law warrants revision or dissolution of the injunction." *Sharp v. Weston*, 233 F.3d 1166, 1170 (9th Cir. 2010); *accord Karnoski*, 926 F.3d at 1198 (extending this standard to a motion to dissolve a preliminary injunction).

None of the three events put forth by CMP, BioMax, and Daleiden meet this standard. First, the publication of NAF's 2015 Violence and Disruption Statistics does not represent a significant change in the facts. Rather, these statistics are consistent with the district court's conclusion that a significant increase in harassment, threats, and violence toward reproductive providers following CMP's publication of its recordings warrants preliminary injunctive relief. Second, the

---

[1] The parties discuss whether the district court properly exercised diversity jurisdiction. We have considered the issue and conclude that diversity jurisdiction properly existed.
[2] We also grant the motion to take judicial notice.

3

publication of congressional findings regarding fetal tissue donation—even if a significant change in fact—does not warrant dissolution, modification, or clarification of the district court's preliminary injunction. Significantly, both houses of Congress have expressly disclaimed reliance on CMP's recordings in their investigations and referrals. *See* S. Rep. No. 114-27, at 28 (2016); U.S. House of Representatives, Select Investigative Panel, Energy & Commerce Comm, *Final Report*, at xix, 3–7 (2016). Thus, there is no newsgathering or investigatory public interest that weighs in favor of modifying or dissolving the preliminary injunction. Third, although the filing of state criminal charges against Daleiden is a significant change in fact, this change does not warrant altering the district court's preliminary injunction because the preliminary injunction does not impede the state's ability to bring criminal charges or Daleiden's ability to mount a defense. Accordingly, the district court did not abuse its discretion in denying the motion to dissolve, modify, or clarify the preliminary injunction.

2.      We review de novo the district court's denial of a special motion to strike pursuant to California's anti-SLAPP statute. In order to prevail on an anti-SLAPP motion, a defendant must show that: 1) the acts that form the basis of the plaintiff's complaint were taken in furtherance of the defendant's free speech rights, and 2) the plaintiff does not have a reasonable probability of prevailing on its claims. *See Hilton v. Hallmark Cards*, 599 F.3d 894, 903 (9th Cir. 2010). Here, the parties

4

dispute only the second prong.

CMP, BioMax, and Daleiden argue that NAF cannot prevail on its breach-of-contract claim because NAF has not shown that its harm was proximately caused by their breach.  This is incorrect.  NAF's harm—increased security spending—flowed from the marked increase in harassment, threats, and violence toward reproductive health providers caused by the publication of CMP's recordings.[3]

CMP, BioMax, and Daleiden further argue that NAF has not put forth a theory of damages on which it has a probability of prevailing.  Not so.  NAF frames its theory of damages as compensation for non-reputational harm—namely its increased expenditures on security measures—which is a cognizable theory of damages.  *See Planned Parenthood Fed'n of Am., Inc. v. Ctr. for Med. Progress*, 735 F. App'x 241, 247 (9th Cir. 2018).

**AFFIRMED.**

---

[3] CMP, BioMax, and Daleiden raise evidentiary objections to some of the evidence submitted by NAF.  We need not address these objections because NAF has demonstrated a reasonable probability of prevailing on the basis of evidence to which neither party objects.

5